**In re David L. BOSSINGHAM, Debtor.**

**Civ. No. 84–547–E.**

United States District Court,
S.D. Iowa, C.D.

Feb. 5, 1985.

Donald E. Poyner, Fairfield, Iowa, Donald F. Neiman, Des Moines, Iowa, for debtor-appellant.

T. James McDonough, Des Moines, Iowa, for appellee.

ORDER

DONALD E. O'BRIEN, District Judge.

This matter comes before the Court on an appeal by the debtor, David L. Bossing-ham, from an order entered by the Bankruptcy Court on May 10, 1984 dismissing his Chapter 11 proceeding. On January 2, 1984, this Court granted debtor a stay which remained effective until January 21, 1985—ten days after appellee was to file its brief on the merits. The Court had intended to rule on the merits of the appeal before the expiration of the stay; however, the Court was involved in a jury trial during this time which ran longer than anticipated. For the reasons stated below, the decision of the Bankruptcy Court is affirmed.

The parties agree that the standard of review to be applied to the Bankruptcy Court's findings of fact is the "clearly erroneous" standard. Federal Bankruptcy Rule 8013.

Debtor's Chapter 11 proceeding was filed December 30, 1981. In the spring of 1983, the creditors moved to dismiss the debtor's case; this motion was denied by the Bankruptcy Court on June 21, 1983. About a year later, the creditors filed their second motion to dismiss; this motion was granted, the case dismissed, and the debtor took this appeal.

First, the debtor argues that the appraisals on his real estate, together with the adequate protection afforded by the debtor to the major secured creditor, are significant to protect the Bloomington Production Credit Association's (BPCA) interests. The Bankruptcy Court found:

1. The Debtor's net worth has substantially diminished in the past two years.
2. The Debtor is now insolvent.
3. The Debtor has not changed his operation.
4. The Debtor made $94,800 in payments to the P.C.A. in 1983, about what was expected. No other secured debt was reduced. The 1983 crop was short of expectations.
5. The farming operation has a five year average of loss.
6. There is no cash on hand and financing for 1984 is conditioned on the

confirmation of a plan. The confirmation of a plan is not possible within any period of time, if at all, that would permit the timely planting of a 1984 crop.

7. Nothing short of a liquidation will be of benefit to creditors at this time. The proceeding is stale, going nowhere without reasonable prospects of going anywhere but further downhill.

The Bankruptcy Court made no specific finding as to the value of the debtor's real estate and the debtor's equity therein. Debtor's point with respect to real estate value goes directly to the finding that the debtor was insolvent. In view of the conflicting appraisals of the real estate and the clearly erroneous standard, this Court is not left with a definite and firm conviction that the finding that the debtor was insolvent is a mistake. The Bankruptcy Court, when it made this finding, was well within its role as a trier of fact resolving conflicting evidence.

Debtor further contends that the Bankruptcy Court abused its discretion under 11 U.S.C. § 1112(b) in dismissing his case. The provisions relied upon by the Bankruptcy Court provide:

(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice of a hearing, the court ... may dismiss a case under this chapter ... for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors.

In refusing to dismiss in June of 1983, the Bankruptcy Court gave the debtor the benefit of the doubt. However, after another year had passed, the Bankruptcy Court decided the prospect of rehabilitation was not a reasonable possibility and that it was finally time for the interests of the creditors to take precedence. Creditors moving for dismissal were BPCA, the Federal Land Bank and Barbara Bossingham, debtor's ex-wife. From the findings of fact underlying the Bankruptcy Court's decision—findings which this Court holds were not clearly erroneous—the Bankruptcy Court did not abuse its discretion in dismissing debtor's case under § 1112(b).

In view of the foregoing, the Court need not review the second ground, i.e., debtor's lack of good faith, for the Bankruptcy Court's decision.

The debtor has three cases before this Court. They are Civil Nos. 84–431–E, 84–432–E and 84–547–E. This Order affirming the decision of the Bankruptcy Court entered on May 10, 1984 shall be entered only in Civil No. 84–547–E and that case shall be considered closed. There is still pending the matter of who is entitled to the proceeds from the 1984 crop which has been harvested and sold. The Court will consider that controversy under Civil Nos. 84–431–E and 84–432–E.

BPCA is requested to file a short report to the Court, under Civil Nos. 84–431–E and 84–432–E, setting out for the Court the present situation regarding the return of the machinery to the BPCA.

IT IS THEREFORE ORDERED that the Order of the Bankruptcy Court filed on May 10, 1984, dismissing the debtor's Chapter 11 proceeding is hereby affirmed.

IT IS FURTHER ORDERED that BPCA shall file a report to the Court as set out above within fourteen days of the receipt of this Order.