Thomas Edward GRAHAM, Appellant,

v.

Wayne J. LENNINGTON,
Trustee, Appellee.

PURNELL–GRAHAM COMPANY, INC.,
Ontario, Inc. (503557), Appellants,

v.

Wayne J. LENNINGTON,
Trustee, Appellee.

In re Thomas Edward
GRAHAM, Debtor.

Wayne J. LENNINGTON,
Trustee, Plaintiff,

v.

Thomas Edward GRAHAM, Purnell-Graham Company, Inc., Ontario, Inc. (503557), Defendants.

Nos. IP 86–979–C, IP 86–980–C.
Bankruptcy No. IP 84–3486 MS.
Adv. No. 85–162.

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 23, 1987.

See also 74 B.R. 967.

Wm. Catlin Whitehead and Thomas E. Graham, Anderson, Ind., for appellants.

K.C. Cohen, Cohen, Malad & Hahn, Indianapolis, Ind., Don W. Peck, Anderson, Ind., for appellees.

STECKLER, District Judge.

This matter is before the Court on appeal from a Bankruptcy Court order setting aside transfers of real estate from Thomas E. Graham and Purnell-Graham Company, Inc. to Ontario, Inc. (503557) as fraudulent

conveyances. Thomas E. Graham appeals the order in Cause No. IP 86–979–C. Purnell-Graham Company, Inc. (hereinafter "Purnell-Graham") and Ontario, Inc. (503557) (hereinafter "Ontario") appeal the order in Cause No. IP 86–980–C. Finding that the facts, representations and issues raised in both appeals are virtually identical, the Court will address the appeals together.

Jurisdiction of the Court is properly invoked pursuant to 28 U.S.C. § 158.

This Court's review of the Bankruptcy Court's order is governed by Rule 8013, Rule of Bankruptcy Procedure, which provides that the district court

may affirm, modify or reverse a bankruptcy court judgment, order or decree, or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

■ Thus, on appeal the Court is bound to accept the Bankruptcy Court's factual findings unless they are clearly erroneous. *In re Pearson Bros. Co.,* 787 F.2d 1157 (7th Cir.1986); *In re Kimzey,* 761 F.2d 421 (7th Cir.1985). A finding is clearly erroneous if upon review of the entire record the reviewing court is left with the definite and firm conviction that a mistake has been committed. *See In re Armorflite Precision, Inc.,* 48 B.R. 994 (D.C.Me.1985); *Kidder Skis International v. Williams,* 60 B.R. 808 (W.D.Mo.1985); *In re Bossingham,* 46 B.R. 725 (D.C.Ia.1985). Generally as long as the bankruptcy judge's inferences are reasonable and supported by the evidence, they will not be disturbed. *In re Osborne,* 42 B.R. 988 (D.C.Wis.1984); *see also Matter of Neis,* 723 F.2d 584, 599 (7th Cir.1983) (facts and inferences to be drawn from the facts are for the bankruptcy court to determine and the district court may only reject such findings if they are clearly erroneous). The clearly erroneous standard, however, does not apply to review of the questions of law or mixed questions of law and fact. *In re Rushville Credit Ass'n v. Mohr,* 42 B.R. 1000, 1002 (S.D.Ind. 1984); *Matter of Bufkin Bros., Inc.,* 757 F.2d 1573 (5th Cir.1985).

Applying the above standards to the instant appeals, the Court concludes that the Bankruptcy Court's order of July 28, 1986, must be affirmed. That order provides in pertinent part:

that the transfers of the two parcels of real estate described in Exhibits A and B attached hereto from Thomas E. Graham and Purnell-Graham Company, Inc. to Ontario, Inc. (503557) are set aside, and pursuant to Federal Rule of Civil Procedure 70 and Bankruptcy Rule 7070, title to such real property is divested from Ontario, Inc. (503557) and is vested in Wayne J. Lennington as trustee in bankruptcy for Thomas Edward Graham.

The Bankruptcy Court's findings of fact are not clearly erroneous and the conclusions of law are consistent with the evidence and the law. The findings of fact are adopted by the Court and incorporated herein.

■ On appeal the appellants contend that the Bankruptcy Court erred in finding that the transfers were not supported by adequate consideration. Appellants allege that the transfers were made in satisfaction of debts owed by Thomas Graham and Purnell-Graham Company, Inc. to Paul McDonald. Upon review of the entire record the Court finds the Bankruptcy Court's finding is not clearly erroneous. The record fails to establish that Graham or Purnell-Graham owed McDonald any money, that McDonald transferred any such obligation to Ontario, Inc., or that Graham and Purnell-Graham Company, Inc. owed Ontario, Inc. any money.

■ Appellants next contend that the Bankruptcy Court erred in finding that the conveyances were fraudulent. The Court finds the conclusion was supported by the evidence and the law. Fraudulent intent may be proven by direct evidence or inferred from surrounding circumstances, such as an unusual transaction. *Arnold v. Dirrim,* 398 N.E.2d 442 (Ind.App.1979). In this case, Mr. Blair testified that shortly after the real property was transferred by Graham and Purnell-Graham Company to Ontario, Graham stated that he had transferred the property to prevent it from be-

ing attached by creditors. Further Graham himself testified that transfer of the property left him with no unencumbered assets. Finally the Bankruptcy Court reasonably inferred fraud from the surrounding circumstances: the transfers were a series of contemporaneous transactions which left Graham without any unencumbered assets, that the transfers were for little or no consideration, and the unusual nature of the transactions. The peculiarity of the transaction is precisely described by the Bankruptcy Court in the following manner:

> The formation of a corporation to hold property is not so unusual, but when a Canadian corporation is formed to hold property in the United States, when property worth several hundred thousand dollars is transferred without a paper trail clearly establishing the grounds for such transfer, when supposedly competent businessmen part with large sums of money and retain no records and request no documentation, the transaction hardly qualifies as ordinary.

Appellants further argue that the Bankruptcy Court erred in finding that there existed no creditors to be defrauded by Graham or Purnell-Graham Company. The Bankruptcy Court's finding that there were several creditors to whom Graham was indebted at the time of transfer is not clearly erroneous.

■ Next the appellants argue that the Bankruptcy Court erred in allowing the trustee to challenge the transfer by Purnell-Graham Company to Ontario, Inc. The Bankruptcy Court found that Purnell-Graham Company was Thomas Graham's alter ego and that the trustee could pierce the corporate veil and set aside the transfer of Purnell-Graham Company to Ontario. The finding is not clearly erroneous in light of the evidence showing that Graham used Purnell-Graham's assets as his own.

■ Finally, the appellants urge that Ontario, Inc. and/or Wilgus Watts and Richard Riggin, as beneficial owners of Ontario, Inc., are entitled to a lien on the property because they allegedly gave consideration for the transfers and had no knowledge of the fraud. The Bankruptcy

Court appropriately concluded, however, that Ontario was not entitled to a lien because there was no evidence, other than unsupported testimony, of any consideration flowing from Ontario to Graham or Purnell-Graham Company for the transfers. As stated earlier, the record on appeal does not establish that Graham or Purnell-Graham Company owed McDonald any money or that McDonald transferred those obligations to Ontario, Inc. Moreover, Riggin and Watts would not be entitled to a lien because the property was never conveyed to them.

■ In addition to the above arguments, appellant Thomas E. Graham raises three other issues on appeal. Graham initially contends that he has been denied due process due to a conflict of interest. He claims that the attorneys representing the trustee in the adversary proceeding have a conflict of interest in that they also represent one of the creditors in the bankruptcy proceeding. This issue was not raised to the Bankruptcy Court at the adversary proceeding and cannot be raised for the first time on appeal. *See National Fidelity Life Insurance Co. v. Karaganis*, 811 F.2d 357 (7th Cir.1987). Assuming *arguendo* that the issue could be raised on appeal, the Court finds that the Bankruptcy Court did not err in allowing the representation. Under 11 U.S.C. § 327, the trustee of an estate is authorized to employ attorneys to represent or assist the trustee in carrying out his duties. Section 327(c) provides

> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in such case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327(c) (West's Cum.Supp.1987). In this case there appears to be no objection to the trustee's counsel or a showing of an actual conflict of interest.

■ Graham also contends that he was denied due process because the Bankruptcy Court did not appoint counsel for him. The Court finds no error. There is nothing in the Bankruptcy Code authoriz-

ing or requiring the appointment of counsel for a debtor. Moreover, in the adversary proceeding Mr. Graham's interests were identical to those of Purnell-Graham Company which was represented by counsel.

 Finally, Graham claims he was denied equal protection of the law because his bankruptcy action was transferred from Louisiana to Indiana. The Court notes that the action was transferred in 1984, and there was no appeal of the transfer order. Graham's attempt to appeal the order now is untimely. Moreover, the Court finds that the transfer was not improper in light of the fact that the majority of Graham's assets and creditors were located in Indiana.

See also 74 B.R. 963.

Based on the foregoing the Court hereby affirms the Bankruptcy Court's order of July 28, 1986, setting aside the transfer of two parcels of real estate from Thomas E. Graham and Purnell-Graham Company, Inc. to Ontario, Inc. (503557).