BARKER, District Judge.
 

 This is an appeal from the District Court’s interpretation and application of Chapter 13 of the Bankruptcy Act, commonly known as the “Adjustment of Debts of an Individual with Regular Income,” 11 U.S.C. § 1301 et seq. The District Court affirmed an order of the Bankruptcy Judge confirming the debtor’s Chapter 13 plan, from which decision Appellant, the Wisconsin Higher Education Corporation (“WHEC”), now appeals. For the reasons stated below, we affirm the District Court’s decision.
 

 I.
 

 The debtor, Peter Bear, owed the WHEC $16,531.41 for educational loans made to him to finance his undergraduate and legal education. When he was apparently unable to meet this obligation, as well as some other debts, he filed for relief under Chapter 13 and a schedule for partial repayment of those debts was devised. More specifically, the plan provided for payment of all of his back taxes and approximately six percent of Bear’s outstanding obligations to his unsecured creditors, including WHEC, and after five years all debts were to be discharged. Under the plan, Bear allocated to his creditors that portion of his take-home pay which exceeded his expenses.
 

 The Bankruptcy Court held an evidentia-ry hearing to receive objections to the plan. The WHEC was the only creditor objecting to confirmation of the plan. These objections notwithstanding, the Bankruptcy Court, at the conclusion of the hearings, determined that debtor’s plan, in its final form, met all the standards required under Chapter 13 and adopted the plan, but imposed two additional conditions on Bear: (1) that at six-month intervals, and any time he changed his employment, he file with the Bankruptcy Court an amended budget showing his income and expenses, and (2) that he file copies of his income tax returns with the trustee.
 

 On appeal to the District Court, WHEC argued that the totality of the circumstances demonstrated that the plan was not pro
 
 *579
 
 posed in good faith, for the reason that repayment of a mere six percent of the indebtedness to unsecured creditors was obviously unjust. It also argued that the Bankruptcy Court committed error by not requiring the debtor to demonstrate his good faith by creating a separate classification of unsecured creditors, composed of only the WHEC, so that any future increases in payments under the plan would go entirely to WHEC.
 

 In its ruling, the District Court held that the plan, which allowed for the return of at least six percent of the amount owed to WHEC, met the threshold requirements under Chapter 13 and that the Bankruptcy Court’s finding of good faith was not clearly erroneous. The Court recognized that the plan’s six percent payment was meagre which prompted the additional requirement that the Bankruptcy Court formally review Bear’s financial circumstances once a year, to allow for additional increases in payments to his creditors, should his income increase. The Court reasoned that with the built-in review provisions of the plan, and the likelihood that Bear would be earning increasingly more, resulting in increases above the six percent level to the WHEC, the plan was well within the scope of Chapter 13. The Court also concluded that under 11 U.S.C. § 1322(b), it was discretionary with the Bankruptcy Court whether the plan should include a separate classification of creditors to include only WHEC, and that the plan’s failure to include such a classification did not amount to bad faith or an abuse of discretion.
 

 II.
 

 WHEC argues on appeal for the first time that 11 U.S.C. § 1322(b)(5), and its legislative history, require that long-term unsecured debts, such as the educational loans owed to WHEC, be fully cured, maintained, and not discharged if they are included in a Chapter 13 plan. WHEC contends that because the plan of the debtor did not provide for curing the default or for post-discharge payments, the Bankruptcy Court should have denied confirmation of the plan. The WHEC attempts to buttress its statutory interpretation of § 1322(b)(5) by contending that public policy favors such an interpretation.
 

 The Court need not, and shall not address the merits of WHEC’s arguments, however, for it is well-established that an appellant cannot raise issues in this Court for the first time which were not raised below.
 
 Christmas v. Sanders,
 
 759 F.2d 1284, 1291 (7th Cir.1985). As this Court explained in
 
 Yorger v. Pittsburg Corning Corp.,
 
 733 F.2d 1215, 1220-21 (7th Cir.1984):
 

 Enforcement of this rule provides a salutary incentive for litigants to develop their case fully before the trial Court which has special fact-finding competence. The rule also encourages repose and deters unfair surprise on appeal as to parties which had no opportunity to introduce evidence. (Citations omitted).
 

 Application of this rule is particularly appropriate here because neither party was able to develop a record with respect to this issue in the Bankruptcy Court or on review before the District Court.
 

 III.
 

 WHEC has also failed to argue in its brief-in-chief any of the issues it might otherwise have succeeded in preserving in the Court below. WHEC waited until its reply brief to raise its claim that the Chapter 13 “six percent repayment” plan was not proposed in good faith.
 

 Rule 28(a) of the Federal Rules of Appellate Procedure, provides that appellant’s
 
 initial
 
 brief must include a statement of the issues.
 
 Bugg v. International Union of Allied Industrial Workers, Local 507,
 
 674 F.2d 595, 598 n. 4 (7th Cir.1982). Issues appearing for the first time in a reply brief will not be considered by this Court.
 
 See
 
 Rule 9(e) of the Rules of the United States Court of Appeals for the Seventh Circuit;
 
 Christmas v. Sanders,
 
 759 F.2d at 1292;
 
 Beerly v. Department of Treasury,
 
 768 F.2d 942, 949 (7th Cir.1985). The Court accordingly refuses to consider
 
 *580
 
 whether the Chapter 13 plan complied with good faith standards.
 

 For all the foregoing reasons, the Order of the District Court is Affirmed.