In re KENITRA, INC., Debtor.

LEES–CARNEY & CO., Appellant,

v.

Robert K. MORROW, Trustee and Kenitra, Inc., Appellees.

BAP No. OR–85–1400–AbAsE.

Bankruptcy No. 382–02649.

United States Bankruptcy Appellate Panels, of the Ninth Circuit.

Argued March 21, 1986.

Decided July 28, 1986.

See also, Bkrtcy., 53 B.R. 150.

Richard S. Pope, Newcomb, Sabin, Schwartz & Landsverk, Portland, Or., for appellant.

David A. Foraker, Green & Markley, P.C., Portland, Or., for appellees.

Before ABRAHAMS, ASHLAND, and ELLIOTT, Bankruptcy Judges.

## OPINION

ABRAHAMS, Bankruptcy Judge.

We AFFIRM the ruling of the Bankruptcy Court, which disallowed appellant's claim against the bankruptcy estate as untimely filed.

Appellant argues that a timely *informal* proof of claim may be distilled from the facts of this case. We disagree and we adopt the well-reasoned opinion of the Bankruptcy Judge, which rejected these arguments. *In re Kenitra, Inc.,* 53 B.R. 152 (Bankr.D.Or.1985.) Bankruptcy Judge Hess points out that this circuit allows informal proofs of claim only if there is "a written instrument, filed with the trustee or the court which brings to the attention of the court the nature and amount of the

claim." 53 B.R. at 153. Appellant's purported informal proof of claim was never in written form.

Appellant correctly states that there was no writing in *In re Rite Autotronics Corp.,* 27 B.R. 599 (9th Cir.B.A.P.1982). That case, however, must be limited to its unique facts. It was filed under Chapter 11 so claims were not required for the debts on the debtor's schedules unless listed as disputed, contingent, or unliquidated. 11 U.S.C. § 1111(a). Rite Autotronics' original schedules could not be found, there was some doubt as to whether the claim had been listed as disputed, and the purported scheduling of all claims as disputed raised a question as to whether there was a good faith dispute of the claim. 27 B.R. at 603.

Appellant asks us to consider an additional contention not raised in the trial court and not discussed in Judge Hess's opinion. Appellant seeks to assert the late claim here as an amendment to a duly filed claim.[1] Although we have discretion to consider matters raised for the first time on appeal, *Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374 (9th Cir.1985), we are not required to do so. *In re Holiday Mart, Inc.,* 715 F.2d 430 (9th Cir.1983). Because appellant gives no reason for failing to call this matter to the attention of the Bankruptcy Judge, we choose not to consider this purported amendment.

We do not reach appellee's objections to appellant's amendments to the record because we found no need to consult the challenged documents in reaching our decision.

The judgment is AFFIRMED.

---

1. Claim 98 arose from preference avoidance. Preferences are transfers in payment of antecedent obligations. 11 U.S.C. § 547(b)(2). When the preferential payment is set aside, a late claim may be filed for the original obligation. Bankruptcy Rule 3002(c)(3). Claim 98 stated that it was "in addition to amounts previously claimed as owed by the debtor to [appellant]." Appellant now argues, on appeal, that the Bankruptcy Judge should have considered this language as a request to include the disputed claim within claim 98.