In re Yvonne Aneesah ALI, Debtor.

Bankruptcy No. 85–01187.

United States Bankruptcy Court,
E.D. Wisconsin.

Aug. 5, 1986.

Bruce A. Lanser, Milwaukee, Wis., for debtor.

Lloyd J. Blaney, Madison, Wis., for WHEC.

## DECISION

D.E. IHLENFELDT, Bankruptcy Judge.

Wisconsin Higher Education Corporation (WHEC), an unsecured creditor, has objected to confirmation of the debtor's chapter 13 plan. The plan proposes payment of 50% of the WHEC claim over a period of five years with the balance to be discharged at the end of the plan. WHEC contends that, in the absence of full payment, § 1322(b)(5) of the Bankruptcy Code[1] requires that long-term unsecured debts, such as the student loans owed to WHEC, be fully cured, maintained, and not discharged if they are provided for in a chapter 13 plan.

The debtor, Yvonne Aneesah Ali, graduated from Marquette University in 1981 and is currently employed at an annual salary of approximately $16,000. She filed her chapter 13 petition on August 9, 1985, after having received a discharge in an earlier chapter 7 case on June 13, 1983. WHEC originally objected to confirmation

---

1. "Subject to subsections (a) and (c) of this section, the plan may—

(5) ... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due."

on several grounds, but apart from its reliance on § 1322(b)(5), all of these have now been withdrawn following a number of modifications and amendments that debtor made to her initial plan.

As amended, the debtor's plan provides for full payment to secured creditors of $3,033 and priority creditors of $998, 50% to WHEC on its $12,577.53 claim for unsecured student loans, and 10% on the $3,496 owed to the remaining unsecured creditors. The chapter 13 trustee has recommended confirmation of the amended plan.

WHEC filed copies of nine notes with its proof of claim showing a total principal balance of $10,500 plus accrued interest to August 9, 1985 of $2,077.53. The notes, dating from November 8, 1977 to April 21, 1981, provide for a repayment period of from five to ten years beginning nine to twelve months after graduation. It is not disputed that the first payment was due in July, 1982, that the last payment is due after the date on which the final payment under the plan is due, and that no payments whatsoever have been made on the notes. The debtor concedes that the student loans would not be dischargeable if the debtor were proceeding under chapter 7 of the Bankruptcy Code, or if the debtor were applying for a "hardship discharge" under § 1328(b) of the Code.

WHEC says that the debtor may choose to provide for or, alternatively, not to provide for its long-term student loans in her chapter 13 plan. Further, WHEC contends that in order to "provide for" such long-term unsecured obligations in the plan so as to obtain their discharge, § 1322(b)(5) mandates curing the defaults and maintaining the regular payments—that where a plan fails to do this, such debts are "unpro-

vided for" by the plan, and hence nondischargeable under § 1328(a) and (c).[2]

In support of its position, WHEC cites the case of *In re Carr,* 36 B.R. 381 (Bankr. ND GA 1984) and comments therein which are quoted from the 1973 Report of the Commission on the Bankruptcy Laws of the United States. § 6–201(4) of the Commission's proposed legislation was the predecessor to § 1322(b)(5). WHEC also cites *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427 (6th Cir.1982).

Although these cases contain language in which WHEC takes comfort, neither case is in point. The *Carr* case deals with a mortgage on the debtor's principal residence, a circumstance that subjects the plan in that case to the restriction contained in § 1322(b)(2) of the Code.[3] The *Memphis Bank* case, on the other hand, involves a claim that is secured by an automobile, and concerns itself principally with the "good faith" requirement contained in § 1325(a)(3) of the Code.

■ The court has found only two cases that deal with the issue raised by WHEC regarding § 1322(b)(5). Neither supports WHEC's position.[4] In the early case of *In re Smith,* 8 B.R. 543 (Bankr.Utah 1981), Judge Ralph Mabey held that curing a default and maintaining payments is only one of several alternatives available to a debtor in "providing for" long term debts. He observed that such legislative history as is available along with the plain wording of the statute tended to reject the statutory interpretation which WHEC is urging and ruled that a debtor could not be forced to treat any specific debt as a long-term debt as a condition to confirming the plan. It may be noted that § 1322(b)(2) specifically permits the debtor to modify the rights of

---

**2.** With regard to the effect of a chapter 13 discharge, §§ 1328(a) and (c) state that, with certain specified exceptions, all debts that are "provided for by the plan" are discharged.

**3.** § 1322(b)(2) provides that a plan may not modify the rights of a holder of a secured "claim secured only by a security interest in real property that is the debtor's principal residence, . . ."

**4.** The same argument with respect to § 1322(b)(5) was made by WHEC to the Court of Appeals for this circuit in *Matter of Bear,* 789 F.2d 577 (7th Cir.1986). Unfortunately, the issue had not been raised in the lower courts, being raised for the first time on appeal, and the appellate court refused to address the merits of WHEC's position.

holders of secured and unsecured claims, the only exception being a secured claim secured only by the debtor's principal residence. There are no restrictions with respect to the modification of unsecured claims. § 1322(b)(5), of course, uses the permissive words, "the plan may." *In re Smith* was cited with approval and followed in the case of *In re Akin*, 54 B.R. 700 (Bankr.Neb.1985).

WHEC argues that if its interpretation of § 1322(b)(5) is not adopted, that section would be rendered meaningless, that for long-term unsecured debts, § 1322(b)(5) would be an alternative that would never be used. The court does not agree. A debtor might want to use that section to reinstate a long-term unsecured debt where serious objections are being raised as to the issue of good faith. That was the suggestion of the court in the *Memphis Bank case*. 692 F.2d 427 at 432. Alternatively, that section might be used with respect to a Health Education Assistance Loan, an obligation that is not subject to the discharge provisions of § 1328(a) of the Code, where a debtor is facing difficulties with respect to the feasibility of a plan. *In re Johnson*, 787 F.2d 1179 (7th Cir. 1986).

An order will be entered dismissing the objection of WHEC and confirming the debtor's plan as amended.

This decision shall stand as and for findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.