In re Lilly C. ANDERSON, aka L.C. Gross, Debtor.

**BANK OF HONOLULU, Appellant,**

v.

**Lilly C. ANDERSON, aka L.C. Gross, Carolyn Penna Winchester, the Trustee in Bankruptcy, Appellees.**

No. 87–1611.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1987.

Decided Dec. 2, 1987.

---

Gregory P. Conlin, Chun, Kerr and Dodd, Honolulu, Hawaii, for appellant.

Terry L. Day, Brown and Johnston and R. Steven Geshell, Honolulu, Hawaii, for appellees.

Before BROWNING, Chief Judge, WRIGHT and LEAVY, Circuit Judges.

PER CURIAM:

In this case we consider whether the Bankruptcy Appellate Panel affirmed properly the bankruptcy court's decision to deny an award of additional interest to compensate an oversecured creditor for delay in obtaining payment on its claim. We affirm the panel's finding that the bankruptcy court acted within its discretion.

BACKGROUND

In March 1978 the Bank and Anderson, the debtor, entered into an Agreement of Sale by which Anderson would purchase residential property from the Bank. Anderson would make monthly payments, interest at 8.75%, and pay the balance on March 14, 1983. After several defaults, the Bank sued in state court to cancel the agreement or alternatively to treat it as a mortgage and foreclose.

Eventually, the state court entered a decree of foreclosure against Anderson and the state court of appeals affirmed in December 1982. As the state court prepared to sell the foreclosed property, Anderson filed a voluntary bankruptcy petition under Chapter 11 in February 1983.

By filing that petition, Anderson obtained a stay of the foreclosure proceedings. The bankruptcy court refused to lift the stay because the Bank was "adequately protected" as an oversecured creditor. Instead, the court treated the sale agreement as an executory contract that Anderson could satisfy or reject.

Anderson elected to satisfy the agreement, but failed to cure the default by the deadline set by the court. At her request, the court appointed a trustee to sell the property and the trustee sold it in August 1984 for $1.2 million. The Bank received an amount equal to the balance, interest through maturity at the contract rate of 8.75%, post-petition interest after maturity at 8.75%, and approximately $50,000 for expenses.

In December 1984, the Bank applied to the bankruptcy court for additional damages caused by staying of foreclosure. The Bank asserted that it would have invested the funds from foreclosure at the market rate, which was higher than 8.75%, and that it should be compensated for this lost opportunity, estimated at $107,271.33.

The bankruptcy court denied the request because the Bank received the benefit of its bargain and, as an oversecured creditor, was entitled to the interest rate provided in the contract under 11 U.S.C. § 506(b). The court concluded also that the Bank's estimated return on the market rate was too speculative and did not account for benefits received from $90,000 spent by the estate to maintain the property.

The Bankruptcy Appellate Panel affirmed, concluding that 11 U.S.C. § 506(b) controlled the rate of interest before March 14, 1983, when the contract matured, and that considerations of equity controlled the rate of interest after the contract matured. The Bank appeals, claiming that the appellate panel erred in denying recovery above the 8.75% rate provided in the agreement of sale.

DISCUSSION

■ We review factual determinations from bankruptcy courts for clear error and consider de novo questions of law. *In re Pizza of Hawaii*, 761 F.2d 1374, 1377 (9th Cir.1985). We review awards and denials of post-petition interest for abuse of discretion, as a matter of equity. *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1339 (9th Cir.1984).

■ Creditors are allowed post-petition interest if the value of the collateral exceeds the debt plus the accrued interest. *See In re Walsh Constr., Inc.*, 669 F.2d 1325, 1330 (9th Cir.1982); *United States v. Bass*, 271 F.2d 129, 130–31 (9th Cir.1959). Although an award of post-petition interest is governed generally by the equities of the case, *Beverly Hills Bancorp*, 752 F.2d at 1339, the Bankruptcy Code provides oversecured creditors with certain statutory rights to interest. 11 U.S.C. § 506(b) allows oversecured creditors to assert rights to interest provided in the security agreement as part of a secured claim. *Cf. In re Glenn*, 796 F.2d 1144, 1147 (9th Cir.1986). This section provides in part:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b) (Supp.1987).

Although this section is ambiguous as to whether it restricts oversecured creditors to "interest ... provided for under the agreement under which the claim arose," or whether the court may select any interest rate, we have suggested that the terms of the sale agreement should control. *See In re 268 Ltd.*, 789 F.2d 674, 676 (9th Cir.1986); *In re American Mariner Indus.*, 734 F.2d 426, 435 n. 12 (9th Cir.1984); *see also* 3 Collier on Bankruptcy ¶ 506.05, at 506–43 (15th ed. 1987).

■ Under section 506(b), the Bank is entitled to interest pursuant to the agreement's terms: a rate of 8.75% through the maturity date of March 14, 1983. Because the sale agreement does not provide for post-maturity interest, for the period of March 15, 1983 until August 1984 (when the trustee sold the property), the Bank may recover as equity allows.

■ We conclude that the Bankruptcy Appellate Panel affirmed properly the ruling of the bankruptcy court. The panel applied correctly section 506(b) to award pre-maturity interest at the rate specified in the sale agreement. The Bank has not shown that the decision to award post-maturity interest at 8.75% was not within the broad equitable discretion afforded bankruptcy courts.

Our conclusion does not conflict with *In re American Mariner Indus.*, 734 F.2d 426 (9th Cir.1984). We held that an undersecured creditor was entitled to adequate protection under 11 U.S.C. § 361 when it was unable to obtain relief from the automatic stay to protect its security interest by foreclosing and investing the proceeds. As one means to ensure that the creditor's interest was adequately protected, we awarded post-petition interest at the market rate.

*American Mariner* is not applicable here. Because the Bank is oversecured, its interest in the collateral is adequately protected. The right to foreclose and invest is not necessary to protect the interest in the collateral itself. The Bank received the benefit of its bargain by recovering the balance and 8.75% interest through March 14, 1983.

We affirm the Bankruptcy Appellate Panel. Requests for attorney's fees and costs pursuant to Federal Rule of Appel-

late Procedure 38 are denied. The parties will bear their own costs on this appeal.