In re **FACILITY SYSTEMS, INC.**

**MORRIS ANDERSON & ASSOCIATES and Michael J. Starshak, Appellees,**

v.

**FIRST ILLINOIS BANK OF EVANSTON, Appellant.**

**No. 88 C 0175.**

United States District Court, N.D. Illinois, E.D.

June 5, 1989.

David E. Schaper, Brian P. Netols, Keck, Mahin & Cate, Chicago, Ill., for appellant.

Daniel A. Zazove, Towbin & Zazove, Chicago, Ill., for appellees.

MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

### I.  INTRODUCTION

In this appeal from the Bankruptcy Court, appellant First Illinois Bank of Ev-

anston ("First Illinois") challenges the propriety of an order approving the fee applications of appellees Morris Anderson & Associates ("MAA") and Michael J. Starshak ("Starshak"). Presently pending before the Court is appellee's motion to strike appellant's brief and dismiss this appeal. For the reasons set forth below, the Court has concluded that it should not dismiss the appeal, but that it should order First Illinois' brief stricken and grant First Illinois leave to file a revised brief limited to the one issue it properly preserved for appeal.

## II. PROCEEDINGS IN THE BANKRUPTCY COURT

On September 14, 1987, appellees MAA and Starshak filed applications (collectively, the "MAA application" or the "application") in the Bankruptcy Court for compensation for services they had provided to Facility Systems, Inc. ("FSI") while FSI was a debtor-in-possession under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*[1] The MAA application was noticed for presentation to the Bankruptcy Court on September 17, 1987. On that date, the Bankruptcy Court set a deadline of October 13, 1987 for objecting to the MAA application, and set a hearing date of October 15, 1987.

First Illinois, FSI's primary secured creditor, did not file an objection to the MAA application. Instead, First Illinois filed a motion requesting the Bankruptcy Court to continue the hearing to a later date so that it might conduct discovery with respect to the application. When the application was called for hearing on October 15, First Illinois explained that it had served counsel for Starshak and MAA with discovery requests, but had only done so the previous day. The Bankruptcy Court denied First Illinois' motion, reasoning that First Illinois

had already had over 30 days to conduct discovery. First Illinois made no other motion at the October 15, 1987 hearing, nor did it make any oral objection to the MAA application at that time.

Only the Harris Trust and Savings Bank, as Trustee of the Retirement Plan for the Chicago Transit Employees' Trust ("Harris"), another FSI creditor, filed a timely written objection to the MAA application. Harris urged the Bankruptcy Court to deny the MAA application on the following grounds:

1. MAA and Starshak had failed to establish that the fees which they sought were reasonable;

2. MAA and Starshak had failed to establish that their services were of any benefit to the debtor;

3. Harris held a priority administrative claim which should be paid before MAA and Starshak received any compensation.

Counsel for Harris reiterated these grounds at the October 15 hearing. However, counsel for MAA and Starshak suggested to the Bankruptcy Court that Harris' only real concern was when it would get paid—before or after MAA and Starshak. The discussion among counsel and the Bankruptcy Court then turned to the priority of payment issue, and the Bankruptcy Court determined that it would grant the MAA application, but postpone the question of when MAA and Starshak would be paid and from what funds. On October 27, 1987, the Bankruptcy Court entered an order overruling all objections to the applications, ordering compensation to MAA and Starshak in the amount of $44,112.50, and continuing hearing upon the timing and source of payment to a later date.[2]

---

1. MAA is a management consulting firm which provided consulting services to FSI. Starshak is an MAA partner who assumed the presidency of FSI when FSI's senior management personnel resigned. Although MAA and Starshak filed separate applications for compensation, the amount which Starshak sought was included within the amount which MAA sought. Therefore, Starshak's application became moot when MAA's application was granted in the full amount of $44,112.50 by the Bankruptcy Court.

Accordingly, as noted above, the Court will refer only to the "MAA application" in the the course of its opinion.

2. Although the October 27 order did not resolve questions as to when and from what funds MAA and Starshak would be paid, appellees have not contended that the order was not final for purposes of appeal and, in any event, it is enough that the order finally determined that MAA and Starshak were entitled to compensation in a

On November 10, 1987, First Illinois filed a "Motion to Alter or Amend the Order Allowing The Claims Of Morris Anderson & Associates And Michael J. Starshak And To Extend Time For Filing Of Its Notice Of Appeal Of The Order Allowing The Claims Of Morris Anderson & Associates and Michael J. Starshak." In this motion, First Illinois recounted its own request for time to conduct discovery before the Bankruptcy Court ruled upon the MAA application, as well as the objections Harris had raised to the applications. First Illinois also indicated in the motion that, in the course of discovery it had conducted since the Bankruptcy Court had ruled upon the MAA applications, it had acquired evidence that MAA was not a "disinterested person" as defined in Section 101(13) of the Bankruptcy Code, and therefore not eligible to be retained and compensated as a "professional person" pursuant to 11 U.S.C. § 327(a). Although the denomination of the motion might have indicated that First Illinois was asking the Bankruptcy Court to vacate its order approving the MAA application, First Illinois actually indicated that it was unprepared to brief the substance of any objections to the application and merely sought additional time to conduct discovery or, in the alternative, additional time in which to appeal from the order. After entertaining arguments upon the motion on November 16, the Bankruptcy Court denied the motion. This appeal followed.

## III. ISSUES RAISED ON APPEAL

In its lengthy appellate brief, First Illinois attempts to raise a host of issues regarding the propriety of the Bankruptcy Court's order approving compensation to MAA and Starshak. First Illinois argues as follows:

1. The Bankruptcy Court failed to comply with its statutory obligation to review the MAA application by not conducting an evidentiary hearing upon the MAA application and by approving the application before First Illinois was able to complete its discovery;

2. The Bankruptcy Court erred in approving compensation to MAA and Starshak based upon the MAA application alone, because the application did not sufficiently establish whether the services provided to FSI were reasonable, actual and necessary;

3. MAA and Starshak were not disinterested persons eligible to be retained and compensated as professionals under the Bankruptcy Code;

4. The Bankruptcy Court never entered an order employing MAA and Starshak, and even if its order approving compensation to MAA and Starshak were to be construed as an order retaining them *nunc pro tunc*, the order was improper;

5. The compensation awarded to MAA and Starshak was not reasonable and consistent with the rates charged for comparable services; and

6. Starshak was not entitled to an administrative salary claim because his relationship to FSI was that of an independent contractor.

First Illinois supports many of its arguments by reference to matters not part of the record from the Bankruptcy Court, including many of the thirty-one exhibits it submitted with its appellate brief.

## IV. APPELLEES' MOTION TO STRIKE AND DISMISS

In lieu of responding to the merits of First Illinois' arguments, appellees have moved to strike First Illinois' brief and to dismiss the appeal. Appellees assert that First Illinois cannot properly raise any of the arguments it makes in its appellate brief, because it did not make these arguments first to the Bankruptcy Court. The only argument which First Illinois could properly make to this Court, appellees posit, is that the Bankruptcy Court abused its

specified amount. *Cf. In re Morse Electric Co.*, 805 F.2d 262, 264–65 (7th Cir.1986) (disposition of creditor's claim is final for purposes of appeal when claim has been accepted and valued, even though questions as to funds available to pay such claim and other claims remain unresolved).

discretion in denying First Illinois further time to conduct discovery before ruling upon the fee applications. Appellees also argue that First Illinois has improperly attempted to introduce new evidence on appeal rather than restricting itself to evidence within the record.

First Illinois responds with several arguments. It argues first that it need not have raised in the Bankruptcy Court the issues it now presents on appeal, because these issues concern "important legal defects" in the order allowing compensation which resulted in an injustice to FSI's creditors. Second, it argues that it filed a motion to reconsider the Bankruptcy Court's compensation order, preserving its right to object to the order on appeal. Moreover, First Illinois argues that it is the assignee of the claim of Harris Bank in this case, and as such it may rely upon the written objections to the fee applications which Harris Bank filed in the Bankruptcy Court. First Illinois admits that it has referred to evidence outside of the record in support of its appeal. However, First Illinois claims to have cited evidence outside of the record only to demonstrate what it could have brought to the Bankruptcy Court's attention had it been given the opportunity to complete its discovery, and now invites this Court to ignore such evidence to the extent the Court finds the references to it improper.

Having considered these arguments, and having reviewed relevant portions of the record as well as First Illinois' appellate brief, the Court agrees that the only issue which First Illinois properly may bring before this Court is the question of whether the Bankruptcy Court abused its discretion in denying First Illinois' request for time to conduct discovery before ruling upon the MAA application.

## V. ANALYSIS

Issues not raised in the Bankruptcy Court ordinarily cannot be presented to the District Court on appeal. *E.g.*, *Graham v. Lennington*, 74 B.R. 963, 966 (S.D.Ind. 1987); *Johnson v. Fairco Corp.*, 61 B.R. 317, 320 (N.D.Ill.1986) (Aspen, J.). It is apparent that First Illinois failed to object in the Bankruptcy Court to the MAA application on all but one of the grounds it raises in its appellate brief. First Illinois' only objection to the application was that it needed time to conduct discovery. First Illinois never asked the Bankruptcy Court to conduct an evidentiary hearing upon the MAA application, nor did it argue that the application was insufficient, that the compensation MAA and Starshak sought was unreasonable, that MAA and Starshak were not disinterested persons eligible for appointment and compensation, that MAA and Starshak had not been properly employed, or that Starshak was ineligible for an administrative salary.

It is true that Harris filed written objections to the MAA application, raising questions as to whether MAA and Starshak had been properly appointed and whether the fee applications adequately established that the services of MAA and Starshak were reasonable and that the fees they requested were likewise reasonable. First Illinois did not join in those objections, however. Moreover, when it filed its Motion to Alter or Amend, First Illinois alluded to the objections which Harris had made, but did not attempt to assert those or any other objections at that time. All that First Illinois asked for in the Motion to Alter or Amend was additional time to conduct discovery— the same request it had made at the October 15 hearing. Thus, First Illinois cannot premise its appeal upon the objections which Harris made in the Bankruptcy Court, when First Illinois neither joined in those objections at the time they were made nor attempted to assert them in its own right in its Motion to Alter or Amend.[3]

---

**3.** The Court is not persuaded by First Illinois' argument that it can now press Harris' objections to the MAA application as the purported assignee of Harris' claim against the FSI estate. Assuming that First Illinois could properly acquire the benefits of Harris' timely objections for purposes of appeal, it has not done so here. The assignment which First Illinois has submitted to the Court is undated and not part of the record on appeal, and consequently the Court cannot determine whether the assignment took place in time for First Illinois to raise

First Illinois argues that its failure to raise its grounds for appeal in the Bankruptcy Court is not fatal to its appeal because the issues it would have this Court consider are purely legal. Certain courts have held that an issue may properly be raised for the first time on appeal from the Bankruptcy Court when it presents a purely legal question and refusal to consider it would result in a miscarriage of justice. *See In re Louisiana Industrial Coatings, Inc.*, 53 B.R. 464, 469 (D.La.1985), *citing In re Johnson*, 724 F.2d 1138, 1140 (5th Cir. 1984). Similarly, courts have held that an appellant may raise an issue on appeal despite its failure to do so in the Bankruptcy Court if the issue is presented by the record itself. *See In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1379 (9th Cir.1985); *In re Monetary Group*, 91 B.R. 138, 140 (M.D.Fla.1988); *Johnson v. Fairco Corp., supra*, 61 B.R. at 320. These courts also hold, however, that it is a matter of discretion whether or not to entertain such an issue on appeal. *See Monetary Group*, 91 B.R. at 140; *In re Kenitra, Inc.*, 64 B.R. 841, 842 (9th Cir.BAP 1986).

In this case, the Court is not convinced that the circumstances warrant appellate review. Arguably, some of the issues which First Illinois attempts to raise now are purely legal—for example, whether the Bankruptcy Court was required to conduct an evidentiary hearing upon the MAA application, or whether MAA and Starshak had been properly employed. However, this Court does not find that a miscarriage of justice will take place in the absence of appellate review. First Illinois had ample opportunity to bring each of its objections to the attention of the Bankruptcy Court, but declined to do so. That it was not given further time in which to conduct discovery is no excuse. First Illinois need not

have taken discovery to bring to the attention of the Bankruptcy Court the issues which it now claims are purely legal. *Cf. Monetary Group*, 91 B.R. at 142 (purported injustice must be of significant magnitude to justify extraordinary review).

The Court is also unconvinced that the issues First Illinois has raised on appeal would not require the parties and the Court to stray beyond the record. The record itself consists of relatively few documents, most of which are pleadings filed by the parties. Although First Illinois relies upon this record somewhat in making its arguments, its appellate brief is also rife with references to matters not contained in the record. Indeed, First Illinois has now admitted that much of the evidence referred to in its brief is not in the record, and invites the Court to ignore such evidence. It strikes the Court as dubious whether the naked record would sufficiently enable the Court to reach each of First Illinois' objections. Assuming nonetheless that the Court could simply ignore all references to extraneous matters and evaluate First Illinois' claims upon the record alone, the Court reiterates that this is not a case which merits the unusual step of reaching issues which the appellant did not first raise with the Bankruptcy Court. The rule requiring litigants to make their objections in the court below before raising them on appeal serves several important purposes. These include permitting the court most familiar with the subject matter and history of the case to pass upon the objection, allowing for the timely correction of errors before a final order is entered and an appeal is taken, and development of a complete record in which the issue under review has been fleshed out fully, to name but a few purposes. Here, review of the

Harris' objections on appeal. Upon review, it appears that First Illinois' assignment argument is more of an afterthought than anything else. When First Illinois filed its Motion to Alter or Amend, thereby postponing the date by which it was required to file its Notice of Appeal, it did not indicate that it was filing the motion as Harris' assignee as well as in its own right, nor did it purport to adopt Harris' objections at that time, as noted above. Similarly, neither First Illinois' Notice of Appeal nor its brief contains

any indication that the assignment had taken place and that First Illinois was pressing Harris' objections as Harris' assignee. Indeed, the first mention of assignment comes in First Illinois' response to appellees' motion to dismiss the appeal. Under these circumstances, the Court will not permit First Illinois to belatedly embrace by means of assignment the objections it could have raised or at least adopted at a much earlier date.

questions which First Illinois did not present to the Bankruptcy Court would subvert such important goals. The Court finds no circumstance which excuses First Illinois' failure to timely make its objections in the court below. Accordingly, this Court will not exercise its discretion to consider objections which First Illinois has not raised in the Bankruptcy Court. *Cf. Monetary Group*, 91 B.R. at 140–41; *Kenitra*, 64 B.R. at 842.

The sole issue which First Illinois has preserved for review is the question of whether the Bankruptcy Court abused its discretion in denying First Illinois an extension of time in which to conduct discovery relating to the MAA application. First Illinois made its request at the October 15, 1987 hearing, and renewed the request in the Motion to Alter or Amend which it filed on November 10, 1987. Appellees themselves acknowledge that this is the one issue which First Illinois can properly argue on appeal. In moving to dismiss this appeal entirely, however, appellees have implicitly argued that First Illinois has failed to press this particular issue on appeal. Having reviewed First Illinois' brief, the Court disagrees, and finds that First Illinois has raised the discovery issue, albeit cursorily. The thrust of First Illinois' first argument is that the Bankruptcy Court erred in granting the MAA application without conducting an evidentiary hearing *and prior to the completion of discovery*. In support of this argument, First Illinois has also cited some authority for the proposition that the Bankruptcy Court was obliged to afford the FSI creditors a reasonable opportunity to conduct discovery on the fee application. Thus, although not set forth separately or at much length, the discovery issue has been raised. Dismissing the appeal altogether would therefore not be appropriate.

Nonetheless, so much of First Illinois' brief is devoted to matters beyond the record and to objections not preserved for review that the Court deems it necessary to strike the brief. The Court will grant First Illinois leave to submit a new brief on the discovery issue, as set forth below.

## CONCLUSION

Appellees' motion to dismiss this appeal is denied. Appellee's motion to strike appellants' brief is granted. First Illinois shall submit a revised brief no later than June 19, 1989. First Illinois shall restrict its argument in this brief to the single question of whether or not the Bankruptcy Court abused its discretion in denying the opportunity to conduct further discovery with respect to the MAA fee application. All factual assertions in the brief are to be properly supported by citations to the record on appeal. Appellees shall submit their responsive brief no later than July 10, 1989. Appellant shall file its reply no later than July 20, 1989.