**In re Dennis Leroy SAXMAN, Debtor.**

**Dennis Leroy Saxman,
Plaintiff/Appellee,**

v.

**U.S. Department of Education, the Regents of the University of California, Educational Credit Management Corporation, Hemar Insurance Corporation of America, Defendants/Appellants.**

**No. C00–1609R.
Bankruptcy No. 98–14755.**

United States District Court,
W.D. Washington.

April 17, 2001.

Diana Kay Carey, Karr Tuttle Campbell, Seattle, WA, Diane E. Tebelius, U.S. Attorney's Office, Seattle, WA, for defendants.

Dennis Leroy Saxman, Seattle, WA, Pro se.

## ORDER VACATING AND REMANDING BANKRUPTCY COURT'S ORDER

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on defendant/appellant Educational Credit Management Corporation's ("ECMC") appeal of a judgment by the U.S. Bankruptcy Court discharging ECMC's student loan to plaintiff/appellee Dennis Leroy Saxman ("Saxman"). Having reviewed the briefs and papers filed in support of and in opposition to this appeal, the court rules as follows:

### I. BACKGROUND

*A. Parties*

Plaintiff/appellee Saxman is a 50–year-old man without dependents. In 1987,

Saxman enrolled in a Masters in Business Administration program at the University of California, Berkeley, and funded his studies with a government-guaranteed loan. At the time of the bankruptcy trial, the loan amount had reached nearly $3,500. Saxman later studied at the University of California, Hastings College of Law, and graduated with a law degree in 1990. He funded that education with additional loans.

Saxman passed the California bar but could not secure steady work for several years. In 1999, Saxman became accredited as a certified Microsoft Systems Engineer. Since then, he has worked for a temporary agency that has placed him at Boeing as a systems consultant.

Defendant/Appellant ECMC holds a government-guaranteed consolidation loan for Saxman based on his law school education. The principal and interest equaled $83,927.89 at the time of trial. Defendant U.S. Department of Education ("Education") holds a different education loan for Saxman that equaled $4,764.67 at the time of trial.

### B. Bankruptcy Proceedings

Saxman filed a Chapter 7 bankruptcy petition on November 30, 1998. On September 27, 1999, he filed an adversary proceeding seeking to discharge his education loans. The University of California, holder of the Berkeley loan, was dismissed as a defendant for lack of jurisdiction. Saxman also settled out of court with defendant Hemar Insurance Corporation of America.

The bankruptcy court conducted a trial in August 2000 regarding discharge of the remaining education loans. The court made several findings of fact regarding Saxman's income and expenses. It then held that Saxman could not maintain a "minimal standard" of living if he paid his base expenses, non-dischargeable debts, and both the entire ECMC loan and Education loan. Because the Bankruptcy court believed that the statute prohibited partial discharge of loans, the court discharged the entire ECMC loan. However, the court held that Saxman could maintain a minimal standard of living if he repaid the Education loan, and the Education loan was not discharged.

ECMC timely appealed the bankruptcy court's ruling. ECMC claims the court erred when it ruled that Saxman could not maintain a "minimal standard" of living if required to repay the entire ECMC loan.

## II. ANALYSIS

■ The Bankruptcy Code allows debtors to discharge student loans if payments would cause "undue hardship." 11 U.S.C. § 523(a)(8). Debtors must meet a three-part test: (1) debtor could not maintain a minimal standard of living if forced to pay the loans, based on current income and expenses, (2) additional circumstances indicate the inability to pay will persist during the payment period, and (3) debtor made good faith efforts to repay the loans. See Brunner v. N.Y. State Higher Educ. Serv. Corp., 831 F.2d 395, 396 (2d Cir.1987). ECMC only challenges the bankruptcy court's ruling on the first prong of the test.

■ The undue hardship analysis includes both questions of fact and law. See In re Mathews v. Higher Educ. Assistance Found., 166 B.R. 940, 943 (Bankr.D.Kan. 1994). The court's rulings on reasonable expenses and income are findings of fact. United Student Aid Funds, Inc. v. Pena, 155 F.3d 1108, 1112 (9th Cir.1998). Application of those facts to the legal test is a question of law. United Student Aid Funds, Inc. v. Nascimento, 241 B.R. 440, 444 (9th Cir. BAP 1999). While this court will not disturb a bankruptcy court's find-

ings of fact unless clear error exists, questions of law receive de novo review. *Pena,* 155 F.3d at 1110.

After making several findings of fact, the bankruptcy court held that repayment of the entire ECMC loan would create an undue hardship for Saxman. The court reasoned that circuit law prevented it from discharging only the portion of the ECMC loan that caused undue hardship. In so holding, the bankruptcy court relied on *In re Taylor,* 223 B.R. 747 (9th Cir. BAP 1998). *Taylor* held that the student loan discharge provision prohibits partial discharge; courts must either discharge an entire loan or require the debtor to repay the entire loan. In following *Taylor,* the bankruptcy court discharged Saxman's entire ECMC loan because at least a portion of the loan would cause an undue hardship.

The application of partial discharge is a question of law this court reviews de novo. After the bankruptcy court's decision, the Ninth Circuit decided *Graves v. Myrvang,* 232 F.3d 1116 (9th Cir.2000). *Myrvang* ruled that § 523(a)(15) allows partial discharge of marital debts. The *Myrvang* court also analyzed the education loan discharge provision of § 523(a)(8) and rejected *Taylor's* reasoning. *Id.* at 1123. The *Myrvang* court ruled that bankruptcy judges may partially discharge education loans if only a portion of the loan would result in undue hardship. *Id.* at 1124. Any other interpretation of § 523(a)(8) would lead to inequitable results, because debtors would only be required to repay small loans even if capable of partially repaying large debts. *Id.* at 1123. This case falls squarely within the *Myrvang* reasoning.

### III. CONCLUSION

In light of *Myrvang's* holding that the statute allows partial discharge, the bankruptcy court's decision is VACATED and REMANDED for proceedings consistent with the Ninth Circuit's reasoning. On remand, the bankruptcy court is instructed to determine how much of the ECMC loan would create an undue hardship. Only the portion that results in undue hardship should be discharged.