In re: SI–VA TECH, INCORPORATED, a California Corporation, Debtor.

Si–Va Tech, Incorporated, a California corporation, Plaintiff—Appellant,

v.

CNB Bank & Trust, a national banking association, et al, Defendant—Appellee,

v.

Zulfiqar Eqbal; Sameena Ikbal; Keith W. Griffen, Third-party-defendants—Appellants.

SI–VA Tech Incorporated; Zulfiqar Eqbal, Plaintiffs—Appellants,

v.

CNB Bank & Trust, a national banking association, et al, Defendant—Appellee,

v.

Keith W. Griffen; Sameena Ikbal, Third-party-defendants—Appellants.

SI–VA Tech Incorporated, Plaintiff—Appellant,

v.

Daniel D. Duarte; Peele Corp, a California corporation; Bill Feldbrill; E & F Investments, LLC, a California liability company; 44118 Hunter Terrace, Inc., a California limited liability company; Cupertino National Bank & Trust, a national banking association, Defendants—Appellees,

v.

Zulfiqar Eqbal; Sameena Ikbal; Keith W. Griffen, Third-party-defendants—Appellants.

SI–VA Tech, Incorporated, a California corporation, Plaintiff—Appellant,

v.

A California Corporation; CNB Bank & Trust, a national banking association, et al, Defendants—Appellees.

SI–VA Tech, Inc., Plaintiff—Appellant,

v.

Peele Corporation; Bill Feldbrill; E & F Investments, LLC, a California liability company; 44118 Hunter Terrace, Inc., a California limited liability company; Cupertino National Bank & Trust, a national banking association, Defendants—Appellees.

Nos. 01–15214, 01–15215, 01–15229, 01–15268, 01–15619.

D.C. Nos. CV–0–01159–WHA, CV–00–01160–WHA, CV–99–02720–WHA, CV–00–02980–WHA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2002.

Decided May 28, 2002.

Before BROWNING, HUG, and BERZON, Circuit Judges.

MEMORANDUM *

Si–Va Tech ("SVT") appeals the district court's judgment affirming the orders of the Bankruptcy court in two adversary proceedings arising from a Chapter 11 bankruptcy filed by SVT. The adversary complaints sought to extinguish Cupertino National Bank's ("CNB" or "Bank") deed of trust against real property owned by Zulfiqar Eqbal. The appeals arise from Eqbal's fraudulent procurement of a loan from CNB. Appellants contend that the deed of trust by CNB was extinguished as a result of its rejection of SVT's two alleged tenders or its alleged payment of Eqbal's Bank loan.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 158(d) as this is an appeal from a final order of the district court. *See Prestige Ltd. P'ship–Concord v. East Bay Car Wash Partners,* 234 F.3d 1108, 1112–13 (9th Cir.2000). We affirm. Because the parties are familiar with the factual and procedural history, we do not recount it here except as necessary to explain our decision.

"The district court's decision on appeal from a bankruptcy court is reviewed de novo." *Prestige Ltd.,* 234 F.3d at 1114. In reviewing the bankruptcy court's decision, this Court conducts a "de novo review of legal conclusions and clear error review of factual findings." *Graves v. Myrvang,* 232 F.3d 1116, 1120 (9th Cir.2000). "Clear error" exists only when the reviewing court is left with a "definite and firm conviction" that an error has been made.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Washington Pub. Util. Group v. United States District Court,* 843 F.2d 319, 325 (9th Cir.1987).

## I. SVT's Alleged Tenders

■ In an attempt to stop CNB's foreclosure over the subject property, SVT allegedly tendered repayment of the amount of the outstanding loan. When CNB rejected these offers, SVT claims that the deed of trust was thereby extinguished. Indeed, under California law, rejection of a duly made tender of payment on a monetary indebtedness discharges a lien securing the debt. *See* Cal. Civ.Code §§ 1485, 1504; *Gaffney v. Downey Sav. & Loan Ass'n,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988). A valid tender offer need not come from the debtor, but can be made by someone else with the debtor's consent and on the debtor's behalf. Cal. Civ.Code § 1487. However, the offeror must be able and willing to perform and the offer must be made in good faith. *See* Cal. Civ.Code §§ 1493, 1495.

On two occasions, SVT sent letters to the bank offering to pay the amount owing on the loan. However, SVT enclosed no money nor any assurances that it had the ability to pay. Given Eqbal's history of fraud in this case, we agree with the bankruptcy court that "the bank would have been utterly and completely naive and foolish had it accepted that tender without evidence of the ability to pay."

■ As to the alleged tender of May 6, 1998, it too must fail. An offer of performance is of no effect if not made in good faith with intent and ability to perform. Therefore, "insincere" and "evasive" offers are not effective tenders. *See Sondel v. Arnold,* 2 Cal.2d 87, 90, 93, 39 P.2d 793 (1934). Here, SVT delivered the cashier's check to CNB's San Jose office despite the fact that, for months when SVT was trying to get an assignment of the deed of trust,

Eqbal and his representative had corresponded with Mr. Daniel Duarte of CNB's Special Assets Department *in Palo Alto.* Even more significant is the fact that after delivery of the cashier's check, and before it could be applied to the loan, Eqbal had the check picked up.

The fact that the check was delivered to the San Jose office rather than the Palo Alto office, requiring a transfer, and then retrieved by Eqbal at the Palo Alto office before it could be applied to the loan, is a strong indication that this was not a good faith deposit. As evidenced by *Gaffney,* in order to extinguish an obligation, the funds deposited under Cal. Civ.Code § 1500 must be unconditionally available to the creditor and beyond the debtor's control. 200 Cal.App.3d at 1167, 246 Cal.Rptr. 421.

Accordingly, we find that the bankruptcy court was not clearly erroneous in ruling that SVT's offers of repayment were not in good faith and therefore did not constitute a tender.

## II. Reconveyance Cancellation Agreement

■ When CNB made the loan to Eqbal, it advanced $181,250 to pay off an existing loan secured by a deed of trust in favor of appellant SVT. In return, a reconveyance was given and recorded. Under California Law, the recordation of a deed of reconveyance extinguishes the lien of the reconveyed deed of trust. *See Siegel v. American Savings & Loan Ass'n,* 210 Cal.App.3d 953, 957, 258 Cal.Rptr. 746 (1989). Appellants recorded an agreement they prepared canceling the reconveyance and restoring the deed of trust. However, the appellants offer, and we have found, no authority for the proposition that a deed of trust, once extinguished, can be revived. We therefore find that the bankruptcy

court's decision that the reconveyance cancellation agreement was invalid was not clearly erroneous.

### III. Dismissal of Second Adversary Proceeding/Imposition of Sanctions

■ Bankruptcy Judge Newsome dismissed with prejudice SVT's second adversary complaint and imposed monetary sanctions under the authority of *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 283 (9th Cir.1996). In dismissing the case and awarding sanctions, Judge Newsome found that "the real purpose, obvious purpose, for filing this lawsuit was to put a cloud—yet another cloud—on the title of this property in question." We review for abuse of discretion a bankruptcy court's decision to dismiss a case as a "bad faith filing" and to award sanctions. *Marsch v. Marsch*, 36 F.3d 825, 828 (9th Cir.1994). There was no abuse of discretion.[1]

For the foregoing reasons, the decision of the district court is AFFIRMED.[2]

---

1. We likewise find that the bankruptcy court did not abuse its discretion in abstaining from deciding the default judgment motion against Lithographix.

2. SVT's argument that all "third-party defendants [were] entitled to judgement on the pleadings as to CNB's Slander of Title action" is moot because the bankruptcy judge has already vacated that judgment.

