MEMORANDUM *
Appellant Jacqueline Allen appeals the district court’s order upholding the bankruptcy court’s decision that her tort judgment against debtor-defendant Christopher Allen is dischargeable under Chapter 13. On de novo review, Dawson v. Wash. Mut. Bank. F.A. (In re Dawson), 390 F.3d 1139, 1145 (9th Cir.2004), cert. denied, — U.S. -, 126 S.Ct. 397, 163 L.Ed.2d 275 (2005), we affirm.
The applicable version of 11 U.S.C. § 1328(a), providing for discharge of debts, made no exception for debts related to willful and malicious injury caused by the debtor. Such debts are dischargeable in Chapter 13 bankruptcy. Graves v. Myrvang (In re Myrvang), 232 F.3d 1116, 1122 (9th Cir.2000).
Whether the debtor’s plan was proposed in good faith, despite making no provision for payment of the tort judgment that post-dated our earlier decision in this case, 23 Fed.Appx. 859 (9th Cir.2002), is a more difficult question. However, the issue of good faith was not timely and properly brought to the bankruptcy court’s attention. Under 11 U.S.C. § 1329(a), the holder of an unsecured claim may seek to have the debtor’s Chapter 13 plan modified “[a]t any time after confirmation of the plan but before the completion of payments under such plan.” The plan was confirmed in 1999. Plaintiff never sought modification of the plan. Her tort claim was reduced to judgment in 2002, but the bankruptcy court did not learn of the judgment until it asked for a status report in January 2004. The debtor completed payments under his plan in March 2004. In the circumstances, we have no opportunity to revisit the validity of the plan.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.