

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DENNIS BAHAM,<br>　　　　　　Debtor. | BAP No. NV-20-1081-TaBG<br><br>Bk. No. 2:19-bk-15039-ABL |
| DENNIS BAHAM,<br>　　　　　　Appellant,<br>v.<br>BANK OF NEW YORK,<br>　　　　　　Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Nevada
August B. Landis, Bankruptcy Judge, Presiding

Before: TAYLOR, BRAND, and GAN, Bankruptcy Judges.

## INTRODUCTION

After years of default, mediation, and state court litigation, Dennis

Baham filed a chapter 13[1] bankruptcy the day before a scheduled

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

foreclosure on his home. On the foreclosing creditor's motion, the bankruptcy court dismissed the case under § 1307(c) as a bad faith filing and separately awarded the creditor its fees and costs incurred as a result of the bad faith filing as a sanction. Baham appealed only the sanctions order. We AFFIRM.

## FACTS[2]

In 2004, Baham purchased his Nevada home ("Property") with a $616,020.00 loan secured by a purchase money deed of trust. The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-35CB, Mortgage Pass-Through Certificates, Series 2005-35CB ("BNY") eventually acquired the loan and the beneficial interest in the deed of trust, and Bayview Loan Servicing, LLC ("Bayview") serviced the loan on its behalf.

Baham defaulted on the loan and filed a chapter 7 bankruptcy in 2007. During the case, the chapter 7 trustee abandoned the Property, and Baham received a chapter 7 discharge. Thereafter, in 2011, Baham entered into a loan modification agreement restating the loan's principal balance as

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying chapter 13 case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003). The relevant facts set forth herein are undisputed, as they are taken from the factual findings incorporated in the bankruptcy court's dismissal order, which were based on the evidence presented by BNY's unopposed dismissal motion and on the bankruptcy court's judicial notice of documents filed in state court.

$720,797.08.

For the next nine years, Baham did not pay the loan and shielded himself from foreclosure by utilizing mediation options and a litigation campaign.

First, he forestalled foreclosure for three years by participating in Nevada's foreclosure mediation program. At the end of the fourth mediation session, the mediator issued a certificate terminating the mediation process.

Undeterred, Baham sought judicial review of the issuance of the certificate with the Nevada state court ("Judicial Review Case"). The state court overruled his objection, and BNY recorded the certificate against the Property.[3]

With the certificate issued, BNY noticed its foreclosure sale. But Baham delayed the foreclosure by filing two Nevada state court cases: a proposed class-action case against Bayview ("Class Action Case")[4] and a case against Bayview and BNY ("Injunction Case"). In both cases, Baham alleged that Bayview had conducted unlicensed debt collection activities in violation of the Fair Debt Collection Practices Act and Nev. Rev. Stat. 649.370. Baham sought monetary damages in the Class Action Case and an

---

[3] Baham's appeal from this order ("Appeal") is apparently still pending.

[4] The Class Action Case was dismissed on the merits two days after the bankruptcy court entered its sanctions order on appeal.

injunction to prevent BNY from foreclosing in the Injunction Case.

Baham enjoyed a fleeting victory in the Injunction Case: the state court issued a temporary restraining order. But it then denied his request for a preliminary injunction. He followed this defeat with a series of unsuccessful motions in the Judicial Review Case and Appeal requesting a halt or stay to the foreclosure. On August 6, 2019—the day before the foreclosure—the state court denied his last request.

So, having failed to obtain a stay of the foreclosure in the Injunction Case, the Judicial Review Case, and the Appeal, Baham resorted to the automatic stay. He filed a skeletal chapter 13 petition in the evening of August 6, 2019. At the § 341(a) meeting of creditors, Baham admitted he filed bankruptcy only to stop the foreclosure.

Two weeks postpetition, Baham filed his schedules, statement of financial affairs ("SOFA"), and chapter 13 plan. In his schedules, he listed the Property as an asset with a value of $770,000 and Bayview as a creditor with a noncontingent, liquidated, and undisputed $944,000 claim secured by a mortgage on the Property. His bankruptcy documents otherwise contained numerous material misrepresentations and concealments. In addition to several representations inconsistent with his listing of BNY's servicer as holding an undisputed secured claim,[5] he most egregiously

---

[5] Baham, for example, misrepresented: (1) in schedule J that his contractual

(continued...)

misrepresented in his plan that the Property was not his principal residence—such that BNY's mortgage was subject to modification under § 1322(b)(2)—and failed to disclose his pending lawsuits in his schedules and SOFA.

Bayview filed a proof of claim in the amount of $942,335.90, inclusive of $301,619.02 in prepetition arrearages, for BNY. BNY then moved to dismiss the chapter 13 case with prejudice as a bad faith filing under § 1307(c). Baham did not file a written opposition to the motion, but his counsel appeared at the hearing. At no point during the hearing or otherwise during the chapter 13 case did Baham or his counsel contest the validity of BNY's secured claim.

At the hearing, the bankruptcy court determined that Baham had misrepresented and concealed facts in his filings, as detailed above, and that he sought to unfairly manipulate the Bankruptcy Code. The bankruptcy court found that the filings were "patently false and . . . seriously misleading." *See* Hr'g Tr. (Dec. 3, 2019) at 22:20.

The bankruptcy court also found that Baham's sole intent in filing bankruptcy was to stop BNY's foreclosure after eight years in which he

---

[5](...continued)
monthly mortgage payment to BNY was $0.00 when in fact it was $3,757.29; (2) in schedule J that his monthly net income was $2,230.08 when in fact it was $-1,527.21; and (3) in his plan that he owed no pre-petition mortgage arrearage to BNY when in fact he owed $301,619.02.

utilized essentially every non-bankruptcy judicial forum available to him to hinder, delay, and avoid foreclosure by his mortgage lender. . . . He [filed bankruptcy] to invoke the automatic stay. He did it at a point when he cannot even cure the $300,000-plus mortgage arrearage on the property, lacks sufficient income to keep his mortgage payments current going forward, and simply cannot propose a confirmable plan as a result.

*Id.* at 21:21-22:6.

The bankruptcy court concluded that "[w]hen all of the facts of this case are considered in their totality, they clearly establish . . . a textbook example of the egregious behavior in the context of bad faith calculus under Section 1307(c) that warrants dismissal under that section." *Id.* at 22:25-23:4. The bankruptcy court then entered its order granting BNY's motion and dismissing the chapter 13 case. The order incorporated the bankruptcy court's extensive bad faith findings and conclusions made during the hearing and barred Baham from filing any petition for relief in the District of Nevada for 180 days. Baham did not appeal.

BNY then moved for compensatory sanctions against Baham in the amount of the attorneys' fees it incurred in responding to Baham's bad faith bankruptcy filing, or $20,099. Baham opposed.[6]

---

[6] BNY's continued foreclosure sale was rescheduled to take place while briefing on the motion was underway. But on the day before the scheduled foreclosure, Baham filed yet another complaint against BNY in state court and a motion for an injunction to stop the foreclosure. The injunction was denied, but the lawsuit caused BNY to again

(continued...)

At the sanctions hearing, the bankruptcy court reiterated its findings of Baham's bad faith and concluded that an award of the requested compensatory sanction was appropriate under Rule 9011 and its inherent authority because: (1) Baham filed and prosecuted the bankruptcy for the improper purpose of hindering, delaying, and avoiding foreclosure; and (2) Baham's intent in filing the case was frivolous, as he had no intention of paying his debts with a confirmable plan. It, thus, granted the sanctions motion and ordered Baham to pay BNY $20,099 in fees and costs. Baham timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion when it imposed sanctions against Baham?

## STANDARD OF REVIEW

We review the bankruptcy court's imposition of sanctions under Rule 9011 and under its inherent authority for an abuse of discretion. *Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1061 (9th Cir. 2009), *abrogated on other grounds by Gugliuzza v. FTC (In re Gugliuzza)*, 852 F.3d 884, 898

---

[6](...continued)
reschedule its foreclosure sale.

7

(9th Cir. 2017); *Valley Nat'l Bank v. Needler (In re Grantham Bros.)*, 922 F.2d 1438, 1441 (9th Cir. 1991). The bankruptcy court abuses its discretion if it applies an incorrect legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

Baham argues that the bankruptcy court erred in: (1) overlooking the alleged fact that BNY does not hold a secured claim; (2) determining that he filed his petition in bad faith; and (3) awarding attorneys' fees as a sanction, which he asserts is punitive. We reject his arguments.

**A. BNY holds a valid secured claim.**

As an initial matter, while Baham contends on appeal that BNY does not hold a valid secured claim, he concedes that neither he nor his counsel raised the issue before the bankruptcy court. We generally will not consider arguments that were not properly raised in the bankruptcy court. *Mano–Y & M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014). And Baham fails to persuasively suggest that any of the narrow, discretionary exceptions to this rule apply.[7] While he blames his counsel for

---

[7] The exceptions are situations where consideration of a new argument is

(continued...)

the failure, he is accountable for his attorneys' actions and inactions. *Eisen v. Golden (In re Eisen)*, BAP No. CC–06–1433–PaMkT, 2007 WL 7532273, at *3 n.8 (9th Cir. BAP Oct. 26, 2007).[8] Moreover, his bankruptcy schedules admitted that BNY's servicer held an undisputed $944,000 claim secured by a mortgage on the Property, and he never objected to BNY's proof of claim, which constituted prima facie evidence of the validity and amount of its claim. *See* Rule 3001(f).

Also, Baham presented many of his challenges only in his reply brief on appeal. We do not consider an appellant's arguments unless they are specifically and distinctly argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 986 n. 2 (9th Cir. 2009).

And we further reject Baham's arguments to the extent that they rely on documentary evidence neither filed with nor considered by the bankruptcy court. *See Graves v. Myrvang (In re Myrvang)*, 232 F3d 1116, 1119 n.1 (9th Cir. 2000).

Here, there are multiple reasons to treat Baham's attacks on the BNY claim as waived even without considering waiver arising from his long

---

[7](...continued)
appropriate: (1) to prevent a miscarriage of justice or to preserve the integrity of the judicial process; (2) when a change in law raises a new issue during the appeal; and (3) when the issue is purely legal. *Id.*

[8] To the extent Baham asserts his bankruptcy counsel did not adequately represent his interests, his dispute is with his counsel and not the bankruptcy court.

history involving loan modification and loan-related mediation and litigation.[9]

**B. The bankruptcy court had the inherent authority to sanction Baham.**

We turn next to Baham's challenge of the bankruptcy court's imposition of sanctions for his bad faith filing. A bankruptcy court "has the inherent authority to impose sanctions for bad faith[.]" *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001); *see also Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196 (9th Cir. 2003). To impose sanctions under its inherent authority, the bankruptcy court must find either bad faith, conduct tantamount to bad faith, or recklessness with an "additional factor such as frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 994. Sanction may include ordering a party to pay the opposing party's attorneys' fees. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017); *Fink*, 239 F.3d at 991. The award of fees, however, must be compensatory rather than punitive in nature. *Goodyear Tire & Rubber Co.*,

---

[9] And in any event, if we were to reach the main thrust of Baham's argument in his opening brief, we would find it lacks merit. He asserts that BNY does not hold a claim because: (1) its predecessor-in-interest failed to file a claim in his chapter 7 case; and (2) his chapter 7 discharge voided its lien interest. But Rule 3002(a) provides that a holder of a secured claim need not file a proof of claim to preserve its lien. And a secured creditor's lien will "ride through" bankruptcy unaffected unless affirmative action is taken to avoid the lien. As Baham did not avoid this lien in his 2007 bankruptcy chapter 7 case, his chapter 7 discharge did not terminate it. His discharge, thus, merely extinguished his *in personam* liability—while leaving intact BNY's *in rem* rights under its mortgage. *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).

137 S. Ct. at 1186.

Here, in determining that sanctions were appropriate, the bankruptcy court found that Baham "acted in bad faith in both initially filing and in pursuing this bankruptcy case. The petition was filed for an improper purpose. The schedules were patently false and misleading and the plan had no legitimate chance of being confirmed when it was filed." *See* Hr'g Tr. (Mar. 16, 2020) at 36:2-6. The bankruptcy court's findings are well-supported by a lengthy record of protracted litigation, misrepresentations and concealment in filings, and a facially unconfirmable plan. We discern no error.

And, perhaps more importantly, the bankruptcy court incorporated in its sanctions order the same bad faith findings it made in its dismissal order, which Baham never appealed. Consequently, the law of the case doctrine prevents him from now challenging the bad faith findings. The law of the case doctrine "posits that 'when a court decides [an issue], that decision should continue to govern the same issues in subsequent stages in the same case[.]'" *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 925 (9th Cir. 2009) (*quoting Arizona v. California*, 460 U.S. 605, 618 (1983)). It applies to factual determinations and legal conclusions. *See Pit River Home & Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1096-97 (9th Cir. 1994). Baham had a full and fair opportunity to litigate the issue of his bad faith bankruptcy filing by opposing the dismissal motion and appealing the

11

dismissal order. But he chose not to do so. Thus, the bankruptcy court properly relied on its bad faith findings in awarding sanctions.

We also find no abuse of discretion in the bankruptcy court's choice of sanctions. Baham argues that the award of BNY's attorneys' fees as the sanction was improperly punitive, rather than compensatory, and that he has been punished enough by the loss of his home to foreclosure. But as the bankruptcy court pointed out, the foreclosure sale of his home is not a penalty. Instead, it is a legally provided remedy available to BNY. And the bankruptcy court specifically found that BNY would not have incurred any of the attorneys' fees it was requesting as a sanction but for Baham's bad faith filing. Thus, the sanctions award was appropriately calibrated to compensate BNY for damages caused by Baham's bad faith filing and not to punish Baham.

## C. The bankruptcy court also properly imposed Rule 9011(c) sanctions.

We additionally discern no abuse of discretion in the bankruptcy court's award of BNY's fees under Rule 9011(c). As relevant here, Rule 9011(b) requires parties and their attorneys to certify that the papers filed with the bankruptcy court, such as a bankruptcy petition, are "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Rule 9011(b)(1). If the bankruptcy court determines that Rule 9011(b)(1) has been violated, it may "impose an appropriate sanction upon the attorneys,

law firms, **or parties that have violated subdivision (b) or are responsible for the violation**." Rule 9011(c) (emphasis added). A sanction imposed for a Rule 9011 violation must be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Rule 9011(c)(2). The sanction may include the payment of the movant's reasonable attorneys' fees incurred as a direct result of the violation. *Id.*

In determining whether sanctions are warranted under Rule 9011(c), the bankruptcy court "must consider both frivolousness **and** improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." *Dressler v. The Seeley Co. (In re Silberkraus)*, 336 F.3d 864, 870 (9th Cir. 2003) (quotation marks and citation omitted).

In this case, the record strongly supports the bankruptcy court's conclusions that Baham filed bankruptcy for the sole purpose of improperly delaying a foreclosure sale and that the bankruptcy filing was also frivolous. Under these circumstances, it was proper for the bankruptcy court to impose merely compensatory Rule 9011(c) sanctions against Baham. *See id.* at 871 (9th Cir. 2003); *Cinema Servs. Corp. v. Edbee Corp.*, 774 F.2d 584, 586 (3rd Cir. 1985); *Dubrowsky v. Estate of Perlbinder (In re Dubrowsky)*, 244 B.R. 560, 579 (E.D.N.Y. 2000).

## CONCLUSION

Based on the foregoing, we AFFIRM.